HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
    Civil Rights Division
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C.  20530
    Telephone: (202) 304-8447
    barry.arrington@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as head of the California Department of Justice,<br><br>        Defendants. | Case No. 8:2026-cv-1697<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Hearing:  None set<br><br>Judge:  None appointed |

R. JONAS GEISSLER
Deputy Assistant Attorney General

BARRY K. ARRINGTON (TX No. 24129555)
Acting Chief, Second Amendment Section

PATRICK TODD (TX No. 24106513)
TRISTAN SILVA II (DC No. 90037513)
    Trial Attorneys
    Second Amendment Section
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C.  20530
    Telephone: (202) 304-8447

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
    United States Attorney's Office
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

Plaintiff submits the following Memorandum of Points and Authorities in Support of Its *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue.

## I.  INTRODUCTION

This brief indeed will be brief because this is an exceedingly simple case. Handguns are "*overwhelmingly chosen* by American society" for self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008) (emphasis added). Therefore, a "prohibition of their use is invalid." *Id*. at 629. Glock handguns are the most popular handguns in America. *See*, e.g., *How Glock became America's gun*, CBS NEWS (Sep. 15, 2013), https://perma.cc/J5E8-42UA. Cal. Penal Code § 27595(a) (the "Glock Ban") bans California citizens from acquiring those handguns—and all similar cruciform-trigger-bar handguns—from licensed dealers. The Glock Ban is a flagrant violation of the Second Amendment and merits immediate enjoinder.

## II.  ARGUMENT

### A.     Standard for Injunctive Relief under Fed. R. Civ. P. 65.

A party seeking preliminary relief must show that [1] it is likely to succeed on the merits, [2] it is likely to suffer irreparable harm, and an injunction is both [3] equitable and [4] in the public interest. *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1012 (9th Cir. 2025) (citing *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7 (2008)).  When the government is the defendant, the third and fourth preliminary

injunction factors merge.  *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 975 (9th Cir. 2020) (citation and quotation marks omitted).

**B.      Plaintiff Is Likely to Prevail on the Merits.**

> **1.      The Glock Ban Is a Total Prohibition under Threat of Criminal and Administrative Penalty.**

As of July 1, 2026, it is illegal for a California licensed firearms dealer "to sell, offer for sale, exchange, give, transfer, or deliver any semiautomatic machinegun-convertible pistol."  Cal. Penal Code § 27595(a).  Violations of the Glock Ban may be punished by fine and the suspension or revocation of the offending dealer's license.  *See id*. § 27595(b)(1)–(3).

Cal. Penal Code § 16885(a) defines a "semiautomatic machine-gun convertible pistol" as:

> [A]ny semiautomatic pistol with a cruciform trigger bar that can be readily converted by hand or with common household tools . . . into a machinegun by the installation or attachment of a pistol converter as a replacement for the slide's backplate without any additional engineering, machining, or modification of the pistol's trigger mechanism.

All factory-stock models of Glock pistols currently on the market have a cruciform trigger bar.  Declaration of Earl Griffith ¶ 9.  This includes Glock's "Gen 6" and "V series" pistols, which were introduced into the U.S. market in late 2025.  *Id*.  Therefore, based on the definition set forth in Cal. Penal Code § 16885, as of July 1, 2026, Cal. Penal Code § 27595(a) prohibits licensed firearms dealers from selling, offering for sale, exchanging, giving, transferring, or delivering any Glock

3

handgun to their customers.  Declaration of Earl Griffith ¶ 10.  Thus, Cal. Penal Code § 27595(a) operates as a total ban on the purchase of Glock handguns from licensed firearms dealers in California.  *Id.*[1]

> **2.    Glock Handguns Are the Most Popular Handguns in America and Therefore Protected under the Second Amendment.**

Glock handguns are the most popular handguns in America.  Declaration of Earl Griffith ¶ 12.  Glock handguns are unquestionably in common use.  *See also*, *How Glock became America's gun*, CBS News (Sep. 15, 2013), https://perma.cc/J5E8-42UA.  Analysts estimate that, as of 2020, Glock held nearly 65% of the U.S. market for handguns.  *Gaston Glock & family*, Forbes (Apr. 5, 2021), https://perma.cc/6HWX-6FFP.  As such, they are protected under the Second Amendment.  *See Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1209 (7th Cir. 2023) (Brennan, J., dissenting) (Proving common use is a "sufficient condition" for finding an arm is protected under the history and tradition test).

According to one source, three Glock handgun models made the top 25 for new guns sold in 2024, placing fourth, seventh, and twenty-second.  *See* Logan Metesh, *Top Selling New Guns of 2024*, Guns & Ammo (Jan. 14, 2025), https://perma.cc/8A5Z-5VQN.  ATF has observed that Glocks are "popular for civilian use."  *See Definition of "Frame or Receiver" and Identification of*

---

[1] This does not apply to the limited exceptions set forth in Cal. Penal Code § 27595(c). Declaration of Earl Griffith ¶ 11.

*Firearms*, 87 Fed. Reg. 24652, 24655 (Apr. 26, 2022).  Glock pistols consistently rank among the top-selling firearms in the U.S. civilian market.  *See, e.g.*, *Best-Selling Guns*, Guns.com (May 5, 2026), https://perma.cc/9JGJ-ZXXN (listing two Glock models in the top-five-selling handguns).

Government data confirm the popularity of these types of handguns.  For example, in 2021, alone, Glock manufactured 581,944 handguns in the United States. *See Annual Firearms Manufacturing and Export Report* at 13, ATF (2021), https://perma.cc/T6FB-YCAY.  Of those, just 67,106 were exported. *Id*. at 153.  It follows that, in 2021 alone, Glock manufactured 514,838 handguns for sale in the United States.  Moreover, in 2021, 5,263,341 handguns were imported into the United States. *See Firearms Commerce in the United States* at 3, ATF (2024), https://perma.cc/P689-LX24.  Of those, 1,688,941 (nearly one-third of the total) were imported from Austria, *id*. at 5, where many Glocks are manufactured.  *See* Glock, *Glock Brand*, https://perma.cc/2UWY-EARR.  It is therefore likely that, in 2021 alone, Glock imported hundreds of thousands of handguns for sale in the United States.

### 3.    The *Bruen* Second Amendment Standard Applies.

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court set forth the following test for evaluating Second Amendment claims:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that

conduct.    The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

597 U.S. at 24.

Under step one of the *Bruen* test, when a "challenged law falls within the plain text of the Second Amendment, it is presumptively unconstitutional." *Wolford v. Lopez*, 2026 WL 1825723, at *6 (U.S. June 25, 2026).  At step two, the government (i.e., Defendants here) has an opportunity to rebut any presumption of unconstitutionality that arose under step one by demonstrating that its regulation is consistent with the Nation's historical tradition of firearm regulation.

**4.        The Glock Ban Is Presumptively Unconstitutional.**

Just last week, the Supreme Court stated the following regarding the Second Amendment's protection of handguns:  "The phrase 'to keep and bear Arms,' . . . signifies what its terms mean in ordinary usage—that is, to 'have' and 'carry Arms.' [citing *District of Columbia v. Heller*, 554 U.S. 570, 583-585 (2008)].  And 'Arms,' . . . refers to implements used for offense or defense.  *Id.*, at 581.  . . . *[H]andguns, which are 'overwhelmingly chosen by American society' for self-defense, fall squarely into this category*.  *Id.*, at 628."  *Wolford* at *4 (emphasis added).

The Glock Ban prevents law-abiding citizens from acquiring Glock handguns from licensed firearms dealers.  "Common sense dictates that the right to bear arms requires a right to acquire arms, just as the right to free press necessarily includes the right to acquire a printing press, or the right to freely practice religion

necessarily rests on a right to acquire a sacred text." *Ortega v. Grisham*, 148 F.4th 1134, 1143 (10th Cir. 2025). In *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014), the court held that the right to possess firearms implies a corresponding acquisition right. *Id*. at 967 (Second Amendment protects right to acquire ammunition, and *Heller* did not differentiate between regulations governing ammunition and regulations governing firearms themselves). Thus, the Second Amendment protects the right to acquire handguns.

In summary, the Second Amendment's plain text covers the conduct of those law-abiding Californians who desire to acquire Glock handguns from licensed dealers. The Glock Ban prohibits that conduct. Therefore, under *Bruen* step one, the Glock Ban is presumptively unconstitutional.

**5.      Defendants Cannot Rebut the Presumption of Unconstitutionality.**

Defendants cannot rebut the presumption that the Glock Ban is unconstitutional. Glock handguns are in common use. Indeed, as set forth above, they are the most popular handgun in America. There is no historical tradition analogous to a ban of a weapon in common use. *See Heller*, 554 U.S. at 629. It follows that there is no historical tradition of banning the commercial acquisition of a weapon in common use.

Apparently, the State believes it can outlaw perfectly legal, safe, and constitutionally protected firearms if those firearms can be converted into illegal firearms. That is wrong. A legal shotgun can be turned into an illegal sawed-off

shotgun in a matter of seconds with a common hacksaw.  Surely, this does not mean the State can outlaw shotguns.  A semiautomatic rifle can be converted into a machinegun, but unmodified semiautomatic rifles are "widely accepted as lawful possessions."  *Staples v. United States*, 511 U.S. 600, 612 (1994).  The State's argument is directly contrary to the Court's holding is *Staples*.

### 6. The United States Is Authorized to Seek Injunctive Relief against Violations of the Second Amendment

Pursuant to 34 U.S.C. § 12601(a), it is unlawful for law enforcement officers to engage in a pattern or practice of conduct that deprives persons of their constitutional rights.  The United States is authorized to obtain injunctive relief against violations of § 12601(a). 34 U.S.C. § 12601(b).  Acts of the legislative body of a state represent the "official policy" of that state.  *See United States v. Cnty. of Maricopa, Arizona*, 889 F.3d 648, 652 (9th Cir. 2018).  Section 12601 "imposes liability on a governmental authority whose own official policy causes it to engage in a pattern or practice of conduct by law enforcement officers that deprives persons of federally protected rights."  *Id*. at 653.  Thus, a state is liable for violations of § 12601 "stemming from" its laws.  The California Attorney General is the chief law enforcement officer of the State, and it is his duty to see that the laws of the State are uniformly and adequately enforced.  *Steen v. App. Div. of Superior Ct.*, 331 P.3d 136, 141 (Cal. 2014); Cal. Const. art. V, § 13.  The California Bureau of Firearms is one of the bureaus of the Department's Division of Law Enforcement.

8

Special Agents (sworn peace officers under Penal Code § 830.1(b)) of the California Bureau of Firearms enforce the State's firearms laws, including the Glock Ban. Accordingly, the State's enactment of the Glock Ban and its threat of or actual enforcement through state law enforcement officials constitutes law enforcement misconduct within the meaning of § 12601. It follows that California is liable under § 12601 for violations of Second Amendment rights stemming from the Glock Ban.

The United States has standing to vindicate its own sovereign interests in this case. It is "beyond doubt" that the United States suffers "an injury to . . . its sovereignty" when a State violates federal law, *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000), including the United States Constitution, *see Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 430-431 (1976). There is similarly no "doubt[]" that "the United States" may "represent[ its' citizens] as *parens patriae*" to "enforce their [federal] rights" in court, *Massachusetts v. Mellon*, 262 U.S. 447, 485-486 (1923) (emphasis added). The Second Amendment protects just such a fundamental federal right. *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010) (acknowledging that the Second Amendment protects the right to keep and bear arms "among those fundamental rights necessary to our system of ordered liberty.").

**C.      Plaintiff Prevails on the Other *Winter* Factors.**

9

It is "well established" that the deprivation of constitutional rights "unquestionably" constitutes irreparable injury. *Vasquez Perdomo v. Noem*, 148 F.4th 656, 679 (9th Cir. 2025) (internal citation and quotation marks omitted). It "follows inexorably" that if a government's policy is likely unconstitutional, a plaintiff has also carried its burden as to irreparable harm. *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Accordingly, "[w]hen an alleged deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (3d ed. 1998).

Likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in a plaintiff's favor. Public interest concerns are implicated when a constitutional right has been violated, and all citizens have a stake in upholding the Constitution. *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Thus "it is always in the public interest to prevent the violation of a party's constitutional rights." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (citation and quotation marks omitted). The government also "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

These principles are equally applicable in cases in which the plaintiff has established a likely violation of the Second Amendment. *Baird v. Bonta*, 81 F.4th

10

1036, 1042 (9th Cir. 2023).  Thus, Plaintiff has demonstrated that it will prevail on the second, third, and fourth *Winter* factors.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the Court to enter a temporary restraining order against the Glock Ban and issue an order to show cause why a temporary injunction should not issue.  A proposed order is attached.

Respectfully submitted this 1st day of July 2026.

*/s/ Barry K. Arrington*
Barry Arrington
Acting Chief
Second Amendment Section

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States, certifies that this brief contains 2,514 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 1, 2026                Respectfully submitted,

*/s/ Barry K. Arrington*
Barry Arrington
Acting Chief
Second Amendment Section

12