U.S. Department of Justice

Civil Rights Division

*Assistant Attorney General*
*950 Pennsylvania Ave, NW - RFK*
*Washington, DC  20530*

June 24, 2026

**Via Electronic and Certified Mail**

The Honorable Gavin Newsom
Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814

The Honorable Robert Bonta
Attorney General of California
California Department of Justice
1300 I Street
Sacramento, CA 95814

Re:    Notice of Suit: *United States v. State of California and California Department of Justice*

Dear Governor Newsom and General Bonta:

The Second Amendment guarantees the right of law-abiding citizens to keep and bear arms for self-defense. *D.C. v. Heller*, 554 U.S. 570, 625 (2008). Because handguns are the most popular weapon chosen by Americans for self-defense, a prohibition of their use is invalid. *Id.* at 629.

As you know, pursuant to Cal. Penal Code § 27595(a), as of July 1, 2026, it will be illegal for California firearms dealers to sell certain semiautomatic pistols. This statute is commonly known as the "Glock Ban," because it will ban the sale of virtually all Glock and Glock-style pistols. California's ban on the sale of the most popular handgun in America violates the Second Amendment.

Moreover, to be sold at retail in California, a handgun must be listed on the State's official "Handgun Roster." To be listed on the Handgun Roster, certain handguns must have a chamber-load indicator, a magazine-disconnect mechanism, and, until recently, the ability to transfer microscopic characters representing the handgun's make, model, and serial number onto shell casings fired by the gun (commonly referred to as microstamping capability). As a result of these requirements, no new handguns were added to the Handgun Roster between 2013 and 2023, leading the court in *Boland v. Bonta*, 662 F. Supp. 3d 1077, 1092 (C.D. Cal. 2023), to hold as follows:

> Californians have the constitutional right to acquire and use state-of-the-art handguns to protect themselves. They should not be forced to settle for decade-old models of handguns to ensure that they remain safe inside or outside

the home.  But unfortunately, the [statute's] requirements do exactly that. . . .
[T]hose requirements are unconstitutional and their enforcement must be
preliminarily enjoined.

The injunction entered in *Boland* is stayed pending appeal, and the State's legislature
recently deferred the microstamping requirement until January 1, 2028.  Nevertheless, for the
reasons stated by the district court, these provisions of the Handgun Roster statute violate the
Second Amendment.

This letter is to inform you that as the Assistant Attorney General for the Civil Rights
Division, I have authorized the filing of a complaint in federal district court against the State.
The complaint will allege that the Glock Ban and the Handgun Roster statute violate the State's
citizens' Second amendment rights by making it a crime to acquire constitutionally protected
arms from firearms dealers, and that state law enforcement agencies' implementation of the
prohibition and threat of criminal enforcement constitute a pattern or practice of law enforcement
misconduct.  The United States is authorized to bring such an action by 34 U.S.C. § 12601.

The Department will consider deferring the filing of the lawsuit for a short period if the
State is willing to enter pre-suit negotiations in an effort to resolve this matter.  Although the
specific provisions are open to discussion, a resolution must at a minimum require that the State:
(1) immediately cease enforcement of the laws identified above; (2) acknowledge the
unconstitutionality of these laws; and (3) agree to enter into a court-enforceable consent decree
permanently enjoining the State from violating its citizens' constitutional rights through these or
any similar laws.

This letter also serves as a document-retention notice.  Please ensure that State officials,
employees, and contractors preserve in their current form any and all records, including
documents, photos, videos, files, tapes, emails and computer files, that may be relevant to this
matter.

We hope that the State shares our interest in achieving a voluntary resolution of this
matter.  We ask that you inform us no later than June 30, 2026, whether the State is interested in
entering into pre-suit settlement negotiations.  If we do not hear from you by 5:00 p.m. ET, June
30, 2026, the United States may file its complaint without further notice.  If the State wishes to
enter into pre-suit negotiations, please contact Barry Arrington, Acting Chief of the Division's
Second Amendment Section at barry.arrington@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

2