

State of California
Office of the Attorney General

**ROB BONTA**
*ATTORNEY GENERAL*

June 30, 2026

<u>*Via electronic mail*</u>

Harmeet K. Dhillon
Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

Barry Arrington
Second Amendment Section Acting Chief
U.S. Department of Justice
Civil Rights Division, Second Amendment Section

Re:    <u>Response to June 24, 2026 Notice of Suit Letter Regarding California's Unsafe Handgun</u>
       <u>Act and Commercial Sales Prohibition of Machinegun-Convertible Pistols</u>

Dear Assistant Attorney General Dhillon and Acting Chief Barrington:

My office has received your June 24, 2026 "Notice of Suit" letter, which threatens to file a lawsuit under 34 U.S.C. § 12601 on the alleged basis that two separate sets of California handgun laws violate the Second Amendment rights of California residents. Specifically, your letter highlights: (1) the Unsafe Handgun Act, which imposes public safety and quality assurance requirements that pistols and revolvers must meet before they can be commercially sold or manufactured in California (Cal. Penal Code §§ 31900 et seq.); and (2) California Penal Code section 27595, which prohibits the commercial sale of a semiautomatic machinegun-convertible pistol (i.e., one with a cruciform trigger bar that can be readily converted into a machinegun by installing a pistol converter), beginning July 1, 2026.

Your letter advises that your office will "consider deferring the filing of the lawsuit for a short period" if we agree to enter "pre-suit negotiations" that would require California to immediately cease enforcement of the statutes at issue, acknowledge their unconstitutionality, and agree to a consent decree to permanently enjoin California from enforcing the statutes at issue.

Harmeet K. Dhillon, Assistant Attorney General
Barry Arrington, Acting Chief
June 30, 2026
Page 2

The California Department of Justice will not agree to these conditions. The Unsafe Handgun Act and Penal Code section 27595 are commonsense handgun design safety laws that help to prevent accidental discharges by experienced and non-experienced firearm users alike and the conversion of semiautomatic pistols into deadly automatic firing weapons. For years, the California Department of Justice has defended these important laws in response to lawsuits filed by other groups, including the Firearms Policy Coalition, the National Rifle Association, the Second Amendment Foundation, and the California Rifle and Pistol Association.

As to the Unsafe Handgun Act, there are already two cases pending before the Ninth Circuit Court of Appeals: *Boland v. Bonta* (Case No. 23-55276) and *Renna v. Bonta* (Case No. 23-55367). During the pendency of these cases, dozens of new semiautomatic pistol models with the safety devices required by the challenged provisions of the Unsafe Handgun Act—a chamber load indicator and magazine disconnect mechanism—have become available for commercial sale in California. Specifically, as of the date of this letter, 138 semiautomatic pistol models with one or both of these features—including two biometric smart guns—have become, and remain, available for retail sale in the State. Cal. Att'y Gen., Handguns Certified for Sale, https://tinyurl.com/mw7nm4fm (last visited June 30, 2026); *see also Boland v. Bonta*, Case No. 23-55276 (9th Cir.), Dkt. No. 85 at pp. 6-7. As the National Shooting Sports Foundation has acknowledged, firearms manufacturers "are capable of implement[ing]" these safety features to prevent accidental discharges, and indeed are doing so. *Boland v. Bonta*, Case No. 23-55276 (9th Cir.), Dkt. No. 54 at pp. 1, 20. As of the date of this letter, there are 956 pistol and revolver models available for commercial sale in California. Cal. Att'y Gen., Handguns Certified for Sale, https://tinyurl.com/mw7nm4fm (last visited June 30, 2026).

With regard to Penal Code section 27595, the National Rifle Association, Firearms Policy Coalition, and Second Amendment Foundation filed a lawsuit in October 2025 challenging the statute's constitutionality. Just six months later, in April 2026, these organizations agreed to voluntarily dismiss that lawsuit. *Jaymes v. Bonta*, Case No. 3:25-cv-02711 (S.D. Cal.), Dkt. No. 30.

Accordingly, if the U.S. Department of Justice decides to file the lawsuit described in your letter, it will not be breaking any new ground. My office will continue to vigorously defend the Unsafe Handgun Act and Penal Code section 27595, just as we have defended California's other constitutional, commonsense, and effective firearms laws.

Sincerely,

ROB BONTA
Attorney General

cc: California Governor Gavin Newsom