ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General
CHRISTINA MCCALL
EDWARD P. WOLFE
SABRINA T. MCGRAW
Deputy Attorneys General
State Bar No. 334120
  455 Golden Gate Ave, 11th Fl.
  San Francisco, CA 94102
  Telephone: (415) 268-4326
  Fax: (916) 731-2124
  E-mail: Sabrina.McGraw@doj.ca.gov
*Attorneys for Defendants,
State of California and Robert Bonta, in his official
capacity as head of the California Department of
Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as the head of the California Department of Justice,**<br><br>Defendants. | 8:26-cv-01697-AH-MBK<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE**<br><br>Date: Not Set<br>Time: Not Set<br>Courtroom: Los Angeles Courtroom 9C<br>Judge: The Honorable Anne Hwang<br>Trial Date: Not Set<br>Action Filed: July 1, 2026 |

On July 1, 2026, the United States filed a Notice of Related Case (the "Notice"), identifying *Boland v. Bonta*, Case No. 8:22-cv-1421-MRA(ADS). ECF No. 5. On July 6, 2026, the Court issued an order requiring Defendants to respond to the Notice by 9:00 am on July 7, 2026. ECF No. 21. Defendants do not oppose the Notice, but note the following issues pertaining to the Notice for the Court's consideration.

The United States's Notice provides no "brief factual statement that explains how" the present case and *Boland* meet the related case factors, as required by Central District of California Local Civil Rules (L.R.) Rule 83-1.3. Under L.R. 83-1.3, a notice of a related civil case must be filed if the case is related to another civil case filed in the Central District when the cases: "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; (c) or for other reasons would entail substantial duplication of labor if heard by different judges."

Two civil cases are not related merely because both allege a violation of the same constitutional amendment or provision. *C.f. Bonilla v. United Brands Co.*, No. CV 11-386 PA (DTBX), 2011 WL 13220120, at *1 (C.D. Cal. Mar. 21, 2011) (declining to find two cases related despite both advancing similar claims for false advertising under various California statutes); *Neims v. Neovia Logistics Distribution, LP*, No. EDCV 23-1221 PA (SHKX), 2023 WL 10407119, at *1 (C.D. Cal. Oct. 12, 2023) (multiple actions involving "various wage and hour claims" was not alone a sufficient basis to assess relatedness of cases); *Harris v. Stonecrest Care Auto Ctr.*, LLC, No. 04CV2593-LAB (LSP), 2008 WL 474388, at *1 (S.D. Cal. Feb. 20, 2008) (Burns, C.J.) (declining transfer of purportedly related case because, while "[t]he defendants in both cases are the same and the cases involve similar legal theories," "[t]he complaint [in the prior case] involves a different plaintiff and arises from different facts"). However, the Complaint here and the operative complaint in *Boland* both argue that provisions of California's

Response to Plaintiff's Notice of Related Case
(8:26-cv-01697-AH-MBK)

Unsafe Handgun Act (UHA) are unconstitutional under the Second Amendment. *Compare* ECF No. 1 *with Boland*, ECF No. 17 (Am. Compl.). Specifically, the Complaint here alleges that the UHA's requirement that new semiautomatic pistols have two safety features that prevent the pistol from accidentally firing—a chamber load indicator and a magazine disconnect mechanism—violates the Second Amendment. Compl. ¶¶ 5–6, 51. The operative complaint in *Boland* challenged these same requirements (*Boland*, Am. Compl. ¶ 24), and the district court granted the *Boland* plaintiffs' motion for a preliminary injunction of the same requirements. *Boland*, ECF No. 60 at 3. The Ninth Circuit Court of Appeals stayed the preliminary injunction of these two requirements, and that stay remains in place. *Boland*, ECF No. 64; *see also Boland v. Bonta*, Case No. 23-55276, ECF No. 7. The *Boland* case has been briefed and argued before the Ninth Circuit, and a decision remains pending. Because the present case and *Boland* both effectively challenge the constitutionality of the UHA's two safety feature requirements for new semiautomatic pistols, the L.R. 83-1.3 factors appear met for the Complaint's allegations regarding the UHA and thus Defendants do not directly oppose the United States's Notice in this circumstance.

As the Court considers whether to relate the two cases, Defendants note that the same is not necessarily true for the other aspects of the Complaint. First, the United States brings the present case through a novel application of 34 U.S.C. § 12601, alleging that Defendants are engaging in a "pattern or practice" of depriving Second Amendment rights by enforcing duly enacted laws. Compl. ¶¶62–64. In *Boland*, the plaintiffs (the California Rifle and Pistol Association and four individuals) brought their Second Amendment challenge under 42 U.S.C. § 1983. The application of Section 12601 is a threshold issue applying to the United States's sole claim here, so the Court may not need to reach any of the Second Amendment issues raised in *Boland*.

Response to Plaintiff's Notice of Related Case
(8:26-cv-01697-AH-MBK)

Second, *Boland* involves a challenge to only the UHA, while the Complaint in this case involves challenges to both the UHA and California Penal Code section 27595(a), with only the latter being the subject of the pending *ex parte* application for a temporary restraining order. Penal Code section 27595(a) is not part of the UHA and, subject to enumerated exceptions, beginning July 1, 2026 prohibits licensed firearms dealers from selling certain semiautomatic pistols that can be readily converted to machineguns using common household tools. For that reason, there may not be the kind of "substantial duplication of labor by multiple judges" that L.R. 83-1.3.1 is intended to prevent. *Espinosa v. Genesis Healthcare, Inc.*, No. CV 20-688-JFW(JEMX), 2020 WL 10506033, at *1 (C.D. Cal. Oct. 15, 2020).

Nevertheless, Defendants do not oppose the Notice in this instance because the L.R. 83-1.3 factors appear met for the Complaint's allegations regarding the UHA.

Dated: July 6, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General

 */s/ Sabrina T. McGraw*

CHRISTINA MCCALL
EDWARD P. WOLFE
SABRINA T. MCGRAW
Deputy Attorneys General
*Attorneys for Defendants*

Response to Plaintiff's Notice of Related Case
(8:26-cv-01697-AH-MBK)

# CERTIFICATE OF SERVICE

Case Name: **United States of America v. State of California, et al. (2a pattern and practice)**　　　No.　　**8:26-cv-1697 AH (MBKx)**

I hereby certify that on <u>July 6, 2026,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 6, 2026</u>, at Fresno, California.

|  |  |
|---|---|
| C. Henson | */s/ C. Henson* |
| Declarant | Signature |

SA2026303422
85794929.docx