ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General
VIVIANA M. HANLEY
CHRISTINA MCCALL
SABRINA T. MCGRAW
EDWARD P. WOLFE (Cal. Bar No. 247835)
Deputy Attorneys General
 600 W Broadway, STE 1800
 San Diego, CA 92101-3375
 Telephone: (619) 321-5426
 Fax: (916) 731-2124
 E-mail: Edward.Wolfe@doj.ca.gov
*Attorneys for Defendants,*
*State of California and Robert Bonta, in his official*
*capacity as head of the California Department of*
*Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as the head of the California Department of Justice,**<br><br>Defendants. | 8:26-cv-01697-MRA-ADSx<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:        September 1, 2026<br>Time:        10:00 a.m.<br>Courtroom:   9B<br>Judge:       Hon. Mónica Ramírez Almadani<br>Trial Date:  Not set<br>Action Filed: 7/01/2026 |

**REQUEST FOR JUDICIAL NOTICE**

In support of the Defendants' Motion to Dismiss the Complaint, Defendants respectfully request that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of the following legislative history and official government publications:

1. Selections from House Report Number 102-242, part I (Oct. 7, 1991). A true and correct copy of a printout from Westlaw of this record is attached as **Exhibit A.**

2. Selections from House Report Number 102-1085 (Dec. 31, 1992). A true and a correct copy of this document, available from the U.S. Government Publishing Office at https://www.govinfo.gov/content/pkg/SERIALSET-14145_00_00-009-1085-0000/pdf/SERIALSET-14145_00_00-009-1085-0000.pdf, is attached as **Exhibit B** (last accessed July 24, 2026).

3. The U.S. Department of Justice report *Taking Stock: Report from the 2010 Roundtable on the State and Local Law Enforcement Police Pattern or Practice Program (42 USC § 14141)* (Sept. 2011). A true and correct copy of this document, available from the U.S. Department of Justice Office of Justice Programs at https://www.ojp.gov/pdffiles1/nij/234458.pdf, is attached as **Exhibit C** (last accessed July 24, 2026).

4. The U.S. Department of Justice report *The Civil Rights Division's Pattern and Practice Police Reform Work: 1994–Present* (Jan. 2017). A true and correct copy of this document, available from the U.S. Government Publishing Office at https://www.govinfo.gov/content/pkg/GOVPUB-J-PURL-gpo77339/pdf/GOVPUB-J-PURL-gpo77339.pdf, is attached as **Exhibit D** (last accessed July 24, 2026).

5. California Legislative Counsel's Digest of Assembly Bill No. 1127 (Oct. 10, 2025). A true and correct copy of this document, available from the State of California Legislative Counsel Bureau at https://www.leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202520260AB1127, is attached as **Exhibit E** (last accessed July 24, 2026).

6. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, *National Firearms Commerce and Trafficking Assessment: NFCTA Updates, New Analysis, and Policy Recommendations*, Vol. IV, Director's Forward. A

true and correct copy of this document, available from the ATF at https://www.atf.gov/media/18611/download, is attached as **Exhibit F** (last accessed July 24, 2026).

7. California Assembly Floor Analysis of Assembly Bill 1127 (as amended Sept. 9, 2025). A true and correct copy of this document, available from the State of California Legislative Counsel Bureau at https://www.leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202520260AB1127#, is attached as **Exhibit G** (last accessed July 27, 2026).

8. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, *National Firearms Commerce and Trafficking Assessment: NFCTA Updates, New Analysis, and Policy Recommendations*, Vol. IV, Part V: Privately Made Firearms Updates and New Analysis. A true and correct copy of this document, available from the ATF at https://www.atf.gov/sites/default/files2/nfcta_volume_iv_-_part_v_0.pdf, is attached as **Exhibit H** (last accessed July 24, 2026).

When deciding on a Rule 12(b)(6) motion to dismiss, the Court may consider matters that are properly the subject of judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012); *see also DeFiore v. SOC LLC*, 85 F.4th 546, 553 n.2 (9th Cir. 2023) ("materials of which a district court may take judicial notice are not considered extrinsic evidence for purposes of Rule[] … 12(b)(6)"). The Court may take judicial notice of "a fact that is not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court must take judicial notice where "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

///

3

Exhibits A (U.S. House Report), B (U.S. House Report), E (Legislative Digest of state bill), and G (Assembly Floor Analysis) are judicially noticeable because they are legislative history. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice"); *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of a statute's legislative history); *Stone v. Sysco Corp.*, No. 16-cv-01145-DAD-JLT, 2016 WL 6582598, at *4 (E.D. Cal. Nov. 7, 2016) ("[T]he court may properly take judicial notice of legislative history, including committee reports." (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013))).

Exhibits C, D, F, and H are judicially noticeable because they are official government publications produced by the U.S. Department of Justice and the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n. 10 (9th Cir. 2016) ("[C]ourts routinely take judicial notice of letters published by the government … as well as 'records and reports of administrative bodies.'"); *Freshpoint Atlanta, Inc. v. Haywood*, 2025 WL 2606626, at *2 (S.D. Cal. Sept. 9, 2025) ("The Court may take judicial notice of information on government websites") (collecting cases); *Murphy v. Bronson, Cawley & Bergmann, LLP*, 2011 WL 2413447, at *3 (S.D. Cal. June 13, 2011) ("Courts do take judicial notice of information found on government agency websites"). The matters raised in these documents are publicly-available matters of historic record that are not subject to reasonable dispute.  Moreover, the United States cannot reasonably dispute the accuracy of the information in these documents because they are documents *produced by the United States itself*.

///

///

///

///

4

Defendants therefore respectfully request that the Court take judicial notice of the materials described above.

Dated:  July 28, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General

*/s/ Edward P. Wolfe*

VIVIANA M. HANLEY
CHRISTINA MCCALL
SABRINA T. MCGRAW
EDWARD P. WOLFE
Deputy Attorneys General
*Attorneys for Defendants*
*State of California and Robert Bonta,*
*in his official capacity as head of the*
*California Department of Justice*

SA2026303422
85827728