MATTHEW J. CRAIG (SBN 350030)
*mcraig@heckerfink.com*
HECKER FINK LLP
1019 East 4th Place, 3rd Floor
Los Angeles, CA 90013
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

TRISHA ANDERSON*
*tanderson@heckerfink.com*
NICOLAS RILEY**
*nriley@heckerfink.com*
STEPHEN PRIFTI**
*sprifti@heckerfink.com*
HECKER FINK LLP
1050 K Street NW, 10th Floor
Washington, D.C. 20001
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

*Counsel for Amici Curiae*

**Pro hac vice forthcoming*
***Pro hac vice pending*

*(additional counsel info on cont. page)*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as the head of the California Department of Justice,

Defendants.

Case No. 8:26-cv-01697-MRA-ADSx

**AMICI CURIAE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMICUS BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT (ECF NO. 36)**

| | |
|---|---|
| Date: | September 8, 2026 |
| Time: | 10:00 a.m. |
| Courtroom: | Santa Ana Courtroom 9B |
| Judge: | Hon. Mónica Ramírez Almadani |
| Trial Date: | Not Set |
| Action Filed: | July 1, 2026 |

DOUGLAS N. LETTER
*dletter@bradyunited.org*
SHIRA LAUREN FELDMAN
*sfeldman@bradyunited.org*
TESS M. FARDON
*tfardon@bradyunited.org*
BRADY CENTER TO PREVENT GUN VIOLENCE
840 First Street NE, Suite 400
Washington, D.C. 20002
Telephone: (212) 370-8160
Facsimile: (833) 493-3604

LEIGH ROME
*lrome@giffords.org*
WILLIAM T. CLARK
*wclark@giffords.org*
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
244 Madison Ave., Suite 147
New York, NY 10016
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

*Of Counsel*

## NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that on September 8, 2026, at 10:00 a.m., or as soon thereafter as the matter shall be heard, in Courtroom 9B of the United States Courthouse located at 411 West 4th Street, Santa Ana, California 92701, before the Honorable Mónica Ramírez Almadani, Amici Curiae Former Civil Rights Division Officials, Brady Center to Prevent Gun Violence, and Giffords Law Center to Prevent Gun Violence ("Amici Curiae"), by and through their counsel of record, will and hereby do move this Court for an order granting leave to file the amicus brief accompanying this motion.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the attached exhibits, and such other further evidence and argument as may be presented at any hearing on this motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via telephone on July 27, 2026. *See* Declaration of Nicolas Riley, attached hereto as **Exhibit A**. Amici Curiae's proposed amicus brief is attached hereto as **Exhibit B**. The list of Amici Curiae Former Civil Rights Division Officials is attached hereto as **Exhibit C**. A Proposed Order granting Amici Curiae's motion has also been submitted alongside this motion.

Dated: August 4, 2026

*<u>/s/ Matthew J. Craig</u>*
Matthew J. Craig

*Counsel for Amici Curiae*

## MEMORANDUM OF POINTS AND AUTHORITIES

Amici curiae are a group of individuals and organizations with a vested interest in ensuring that 34 U.S.C. § 12601—the statute under which the United States' sole claim in this case arises—is properly understood and appropriately enforced. Amici respectfully request leave to file a brief in support of Defendants' motion to dismiss (Dkt. Entry 29). Amici's proposed brief will assist the Court in understanding not only the history and context that gave rise to Section 12601, but also how the statute has been enforced by the Department of Justice over the three decades since it was enacted. As required by Local Rule 7-3, amici have conferred with the parties to obtain their position regarding the filing of this brief. Defendants consent to amici's Motion for Leave to File. The government opposes the motion.

### I. Amici Curiae

Amici are two national non-profit organizations and a group of individuals who formerly served in the Department of Justice's Civil Rights Division.

The individual amici include former leaders of the Civil Rights Division as well as career supervisors from the Division's Special Litigation Section—the office within the Justice Department that historically has overseen all suits and investigations arising under Section 12601 against police departments. The collective expertise of amici spans several decades and multiple presidential administrations, including administrations of both parties. The full list of individual amici is attached hereto.

The organizational amici are two of the country's leading gun violence prevention organizations. Brady Center to Prevent Gun Violence is the Nation's longest-standing nonpartisan, non-profit organization dedicated to reducing gun violence through education, research, and advocacy. Giffords Law Center to Prevent Gun Violence is a survivor-led, non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to reduce gun violence and save lives. Both organizations possess a deep well of expertise in firearms policy and

public safety.

**II. Amici have an interest in the case and will aid the court.**

Courts exercise "broad discretion" in deciding whether to grant leave to file an amicus brief. *See Duronslet v. Cty. of L.A.*, No. 16 Civ. 08993, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (internal citation and quotation marks omitted). An amicus brief is appropriate where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, No. 21 Civ. 6436, 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (internal citation and quotation marks omitted); *see also AmeriCare MedServices, Inc. v. City of Anaheim*, No. 16 Civ. 1596, 2017 WL 1836354, at *1 n.3 (C.D. Cal. Mar. 28, 2017). District courts "frequently welcome" amicus briefs from third parties proposing to assist the Court in this way. *Feltzs v. Cox Commc'ns Cal., LLC*, No. 19 Civ. 2002, 2022 WL 401807, at *8 (C.D. Cal. Jan. 21, 2022) (internal citation and quotation marks omitted); *see also, e.g.*, *Stross*, 2022 WL 21310031, at *1 ("Although some courts disfavor amicus participation, this Court finds it 'preferable to err on the side of' permitting such briefs" (internal citation omitted)). The increasing acceptance of amicus briefs in the federal appellate courts demonstrates the value they can provide. *See* Press Release, Supreme Court of the United States (Dec. 5, 2022) (dispensing with rule requiring proposed amici to obtain consent of the parties or file a motion for leave to file); *cf. Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (observing that courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted"); Fed. R. App. P. 29 (a proposed amicus must state "the movant's interest" and the "reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").

Amici here have a strong interest in this case. The individual amici played an important role in shaping the Department of Justice's ("DOJ") historical enforcement

norms under Section 12601 and maintain a strong interest in defending those norms. The organizational amici, meanwhile, have a central mission of protecting the authority of democratically elected officials to address the nation's gun violence epidemic. All amici share a demonstrated commitment to civil rights and public safety.

Amici's proposed brief will aid the Court by offering a different perspective from those set forth in the parties' briefs. The individual amici bring decades of collective experience investigating and litigating cases under Section 12601, and have deep familiarity with the DOJ's historical enforcement practices under the statute. Indeed, there is no group of individuals—inside or outside of government—that has more collective experience or familiarity with the statute. The individual amici are therefore uniquely positioned to weigh in on the novelty of the present suit and the risks it poses to longstanding and important enforcement norms.

In addition, the organizational amici possess both technical and legal expertise in this field. They have served as amici at every level of the judiciary in numerous cases involving firearms regulations and constitutional principles affecting gun policy. Courts have cited both organizations for their expertise, including in the recent cases of *Hanson v. District of Columbia*, 120 F.4th 223, 249 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 2778 (2025) and *Nat'l Ass'n for Gun Rights v. Lamont*, 685 F. Supp. 3d 63, 85 (D. Conn. 2023), *aff'd*, 153 F.4th 213 (2d Cir. 2025), *petition for cert. filed*, No. 25-421 (U.S. Oct. 3, 2025).

Amici's proposed brief is timely. Although the Local Rules do not set a deadline for amicus briefs, this Court has generally permitted amicus briefs to be filed within a few weeks of the motion to which they pertain. *See, e.g.*, *Federal Trade Comm'n v. Live Nation Entertainment, Inc.*, No. 25 Civ. 8884 (MEMF) (C.D. Cal.), Dkt. 107 (accepting amicus brief filed 10 days after opposition to motion to dismiss); *Bautista v. Santacruz*, No. 25 Civ. 1873 (SSS) (C.D. Cal.), Dkt. 55 (accepting amicus brief field 22 days after motion for partial summary judgment); *Do No Harm v. David Geffen School of*

*Medicine at UCLA*, No. 25 Civ. 4131 (JWH) (C.D. Cal.), Dkt. 84 (accepting amicus brief filed 9 days after motion to intervene).

The United States declined to consent to this motion. The United States' position appears to stem from its view, which it articulated in a prior Section 12601 case, that amici's brief rests on internal, deliberative work product. *See* DOJ Opp'n to Defs.' Mot. to Dismiss at 4 n.2, *United States v. District of Columbia et al.*, No. 25 Civ. 4458 (APM) (D.D.C Apr. 1, 2026), Dkt. 23. That position is baseless. Amici's brief relies entirely on publicly available materials, including court filings, scholarship, and reports and recordings published by DOJ itself. *See, e.g.*, Br. at 15 (citing DOJ, *The Civil Rights Division's Pattern and Practice Police Reform Work: 1994–Present* 6 (2017)). The brief does not discuss the details of any specific Section 12601 cases, much less disclose any internal deliberations concerning such a case. Rather, the brief adheres to the approach taken by countless amicus briefs filed by former DOJ lawyers in other cases concerning matters of legal policy and government practice.[1] Courts routinely accept these briefs—and, indeed, frequently rely on them—because former government lawyers often have a valuable perspective to offer, even without any disclosure of deliberative-process information. Amici's brief fits squarely within this tradition.

## III. Conclusion

For the foregoing reasons, amici respectfully request that the Court grant leave

[1] *See, e.g.*, Br. of Former Attorneys General Edwin Meese III and Michael B. Mukasey; Law Professors Steven Calabresi and Gary Lawson; and Citizens United as Amici Curiae, *Trump v. United States*, No. 23-939 (U.S. Mar. 19, 2024); Br. of Former Senior DOJ Officials as Amici Curiae, *Trump v. Mazars USA, LLP*, No. 19-715 (U.S. Mar. 4, 2020); Amicus Curiae Br. of Former DOJ Attorneys, *QueerDoc, PLLC v. U.S. Dep't of Justice*, No. 25-7384 (9th Cir. 2026), Dkt. 42.1; Br. of Former DOJ Attorneys as Amici Curiae, *Turtle Mountain Band of Chippewa Indians v. Howe*, 23-3655 (8th Cir. 2025), Dkt. 131; Br. of Amici Curiae Former DOJ Officials, *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, No. 19-5331 (D.C. Cir. 2020), Dkt. 50; Br. of Former Senior DOJ Officials as Amici Curiae, *United States v. Comey*, No. 25 Cr. 272 (E.D. Va. 2025), Dkt. 76-2; Br. of Amici Curiae Former DOJ Employees, *United States v. Weber*, No. 25 Civ. 9149 (C.D. Cal. 2025), Dkt. 121.

to file their brief in this matter.

Dated: August 4, 2026

Respectfully Submitted,

*/s/ Matthew J. Craig*
Matthew J. Craig

*Counsel for Amici Curiae*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Amici Curiae Former Civil Rights Division Officials, Brady Center to Prevent Gun Violence, and Giffords Law Center to Prevent Gun Violence certifies that this brief contains 1,439 words, which complies with the word limit of L.R. 11-6.1

Dated: August 4, 2026

*/s/ Matthew J. Craig*
Matthew J. Craig

*Counsel for Amici Curiae*