ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General
CHRISTINA MCCALL
SABRINA T. MCGRAW
EDWARD P. WOLFE
VIVIANA M. HANLEY (Cal. Bar No. 367522)
Deputy Attorneys General
300 S. Spring St, Ste. 1702
Los Angeles, CA 90013
Telephone: (213) 269-6774
E-mail: Viviana.Hanley@doj.ca.gov
*Attorneys for Defendants, State of California and Robert Bonta, in his official capacity as head of the California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA, et al.,**<br>Defendants. | 8:26-cv-01697-MRA-ADSx<br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 56)**<br>Hearing: September 11, 2026<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Mónica Ramírez Almadani<br>Trial Date: Not set<br>Action Filed: July 1, 2026 |

The preliminary injunction issued in *Glock v. Griffin*, No. 3:26-cv-01525 (D. Conn. Sept. 30, 2026), ECF No. 31, and *NSSF v. Griffin*, No. 3:26-cv-01528 (D. Conn. Sept. 30, 2026), ECF No. 44 (*Glock* PI Op.), has little bearing on this case.

Most importantly, neither *Glock* nor *NSSF* is a challenge brought by the United States pursuant to 34 U.S.C. § 12601. Thus, the preliminary injunction

opinion in those cases does not address the fatal deficiency arising from the United States's reliance on Section 12601 here. *See* Defs.' Mot. to Dismiss, ECF No. 29 (MTD), at 12–21; Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj., ECF No. 43 (PI Opp'n), at 5–8. Indeed, *Glock* and *NSSF* each were brought by private plaintiffs pursuant to 42 U.S.C. § 1983, *see* Compl., *Glock*, No. 3:26-cv-01525 (D. Conn. Sept. 21, 2026), ECF No. 1, ¶¶ 1, 68–127; Compl., *NSSF*, No. 3:26-cv-01528 (D. Conn. Sept. 21, 2026), ECF No. 1, ¶¶ 8–11, 14, 55–62, underscoring that the United States's novel use of Section 12601 in this case fails to address any "gap" in the ability of private plaintiffs to obtain orders enjoining gun regulations challenged as unconstitutional. *See* MTD at 16–17.

Even as to the Second Amendment merits, the preliminary injunction opinion in those cases does not inform either step of the *Bruen* analysis necessary here.

*First*, the court in *Glock* and *NSSF* only concluded that Connecticut's prohibition on the retail sale of machinegun-convertible pistols (HB 5043) implicates the Second Amendment's plain text because the defendants there did not argue otherwise. *See Glock* PI Op. at 7. Here, as Defendants have argued, binding Ninth Circuit case law compels the conclusion that AB 1127 does not implicate the Second Amendment's plain text. *See* PI Opp'n at 8–11.

*Second*, the defendants in *Glock* and *NSSF*—who had barely one week to oppose the motion for preliminary injunction after being served with the complaints, *see* Aff. of Service, *Glock*, No. 3:26-cv-01525 (D. Conn. Sept. 25, 2026), ECF No. 17; Summons Returned, *NSSF*, No. 3:26-cv-01528 (D. Conn. Sept. 23, 2026), ECF No. 18—relied on a much more limited set of historical analogues to meet their burden at *Bruen*'s second step than Defendants have presented here. While the court rejected the argument that "proving laws" constitute a sufficient historical analogue for HB 5043, *Glock* PI Op. at 9, Defendants here have established that AB 1127 continues a distinct, robust tradition of restricting weapons with attributes that threaten public safety, *see* PI Opp'n at 15–19.

Finally, in *Glock* the equitable calculus was impacted by the court's determination that a preliminary injunction was necessary to prevent the *Glock* and *NSSF* plaintiffs, who sell impacted firearms models, from suffering adverse and irreparable business consequences. *See Glock* PI Op. at 11; *e.g.*, Roe Decl., *NSSF*, No. 3:26-cv-01528 (D. Conn. Sept. 21, 2026), ECF No. 4-2, ¶¶ 5–6, 8 (attesting to unrecoverable business impacts to *NSSF* member); Lyman Decl., *NSSF*, No. 3:26-cv-01528 (D. Conn. Sept. 28, 2026), ECF No. 40-1, ¶¶ 4–5 (same). By contrast, here, the United States has offered no evidence that AB 1127 harms itself or anyone else, resting its equitable claim entirely on its (erroneous) merits position that AB 1127 is unconstitutional. *See* Pl.'s Mot. for Prelim. Inj., ECF No. 28, at 15–16.

Dated: October 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General

/s/ Viviana M. Hanley

VIVIANA M. HANLEY
CHRISTINA MCCALL
SABRINA T. MCGRAW
EDWARD P. WOLFE
Deputy Attorneys General
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this response contains 554 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 1, 2026

/s/ Viviana M. Hanley

VIVIANA M. HANLEY
Deputy Attorney General