ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General
VIVIANA M. HANLEY
CHRISTINA MCCALL
EDWARD P. WOLFE
SABRINA T. MCGRAW
Deputy Attorneys General
State Bar No. 334120
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 268-4326
Fax: (415) 703-1234
E-mail: Sabrina.McGraw@doj.ca.gov
*Attorneys for Defendants*
*State of California and Robert Bonta, in his official capacity as head of the California Department of Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as the head of the California Department of Justice,**<br><br>Defendants. | 8:26-cv-01697-MRA-ADSx<br><br>**DEFENDANTS' BRIEFING RE RELEVANCE OF SUPPLEMENTAL DECLARATION OF SALVADOR GONZALEZ [ECF NO. 59-1] TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: September 11, 2026<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: The Honorable Mónica Ramírez Almadani<br>Trial Date: Not set<br>Action Filed: July 1, 2026 |

## INTRODUCTION

Defendants hereby submit this brief detailing the relevance of the Supplemental Declaration of Salvador Gonzalez (ECF No. 59-1) pursuant to the Court's October 6, 2026 order (ECF No. 60). Defendants' supplemental declaration shows that a new semiautomatic pistol model manufactured by Glock—one of three manufacturers impacted by Assembly Bill 1127 (AB 1127)—can be sold in California because it satisfies the requirements of AB 1127 and the Unsafe Handgun Act. This new evidence is directly relevant to the United States's motion for a preliminary injunction because it further demonstrates that manufacturers can comply with the safety design requirements imposed by the challenged laws, thereby refuting the idea that either law creates a "ban" that meaningfully constrains any Second Amendment right. *See* Defs.' Oppo. to Pl.'s Mot. for Prelim. Inj. (ECF No. 43) at 10. As such, this new evidence shows that the United States is not likely to succeed on the merits of their Second Amendment challenge, to the extent this Court reaches this issue in deciding the motion for a preliminary injunction. *See generally Id.* at 5–7; Defs.' Mot. to Dismiss (ECF No. 29).

## BACKGROUND

As described more extensively in Defendants' opposition to the motion for preliminary injunction, there are two statutory schemes being challenged by the United States. First, the Unsafe Handgun Act requires new models of semiautomatic pistols to have two safety features to be sold at retail: (1) a chamber load indicator (CLI), Cal. Penal Code § 16380, and (2) a magazine disconnect mechanism (MDM), *id.* § 16900. Newly added pistol models must have an MDM if they have a detachable magazine. *Id.* § 31910(a)(2)(E). Only those newly added pistols that are centerfire models must have a CLI. *Id.* § 31910(a)(2)(D). Without these requirements, those firearms generally cannot be added to the California Department of Justice's Roster of Handguns Certified for Sale ("Handgun Roster").

/ / /

Second, AB 1127 prohibits licensed firearms dealers generally from selling at retail any "semiautomatic machinegun-convertible pistol." Cal. Penal Code § 27595(a). A "machinegun-convertible pistol" is "any semiautomatic pistol with a cruciform trigger bar that can be readily converted by hand or with common household tools … into a machinegun" in a specified manner. *Id.* § 16885(a).

Glock was one of three manufacturers that had semiautomatic pistol models listed on the Handgun Roster that also fell within the definition of a machinegun-convertible pistol at California Penal Code section 16885. Gonzalez Decl. in Support of Oppo. to Pl.'s Mot. For Prelim. Inj. (ECF 43-7) at ¶ 33. Glock had previously announced plans to make design modification to its pistol models so that they would no longer be readily convertible into machine guns. *Id.* ¶ 34.

On September 29, 2026, Glock's new semiautomatic pistol model, the Glock 43X CA, became eligible for sale in California. Suppl. Gonzalez Decl. in Support of Oppo. to Pl.'s Mot. For Prelim. Inj. (ECF No. 59-1) at ¶ 7. The Glock 43X CA, which has a chamber load indicator and a magazine disconnect mechanism, was added to the Handgun Roster. *Id.* ¶ 5. It also does not meet the definition of a machinegun-convertible pistol under AB 1127. *Id.* ¶ 6.

## ARGUMENT

Defendants' supplemental declaration—which explains that Glock's new semiautomatic pistol model handgun has been added to the Handgun Roster, does not constitute a machinegun-convertible pistol under AB 1127, and is eligible for retail sale in California—is squarely relevant to the Second Amendment arguments advanced in the United States's motion for a preliminary injunction.

At the outset, Defendants maintain that this case should be dismissed on the basis that the United States cannot bring this suit under 34 USC § 12601. ECF Nos. 29, 43, 45. However, if the Court were to reach the merits of the Second Amendment arguments in the preliminary injunction motion, Defendants' new evidence further supports their argument that neither AB 1127 nor the Unsafe

Handgun Act creates the "Glock Ban" or bar on "acquiring state-of-the-art handguns" that the United States claims they do. Pl.'s Mot. for Prelim. Inj. (ECF No. 28), at 1–6, 9, 11, 15–16. The new evidence that a Glock semiautomatic pistol model can be sold in California consistent with these safety design requirements helps further demonstrate that the statutes do not violate the Second Amendment because they do not "meaningfully constrain[] the right to keep and bear arms for the purpose of self-defense." *See* ECF No. 43 at 10. This new Glock model is one of 36 new semiautomatic pistol models that incorporate a CLI and/or MDM added to the Handgun Roster pursuant to the Unsafe Handgun Act in September to early October 2026 alone. *Recently Added Handgun Models*, Cal. Dept. of Justice, https://oag.ca.gov/firearms/certified-handguns/recently-added (last visited Oct. 7, 2026) (cited by ECF No. 59-1 ¶ 5); *see also* Suppl. Request for Judicial Notice, Ex. A (ECF No. 55-1) (31 new models at the time of the PDF creation).

The challenged statutes are therefore not a sales ban, as the United States repeatedly asserts, because manufacturers can and have made the design modifications to sell their pistol models in California consistent with the Unsafe Handgun Act and now also AB 1127. ECF No. 43 at 10; Suppl. Gonzalez Decl. at ¶¶ 5–7. Additionally, this evidence shows the statutes' commercial sales restrictions impose "comparable" or even lesser burdens on "the right of armed self-defense" compared to the historical laws that outright ban on sale or possession of certain weapons. *See* ECF No. 43 at 15, 19. In sum, this new evidence reaffirms what was already clear: the United States's Second Amendment merits arguments fail and the preliminary injunction motion should be denied.

## CONCLUSION

For the foregoing reasons, as well as those set out in Defendants' opposition to the motion for a preliminary injunction, Defendants respectfully request that the Court consider the supplemental declaration and deny the United States's motion for a preliminary injunction.

Dated: October 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General

***/s/ Sabrina T. McGraw***
SABRINA T. MCGRAW
VIVIANA M. HANLEY
CHRISTINA MCCALL
EDWARD P. WOLFE
Deputy Attorneys General
*Attorneys for Defendants State of California and Robert Bonta, in his official capacity as head of the California Department of Justice*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California and Robert Bonta in his official capacity as head of the California Department of Justice, certifies that this brief contains 979 words and three pages, which:

_X_ complies with the word limit of L.R. 11-6.1.

_X_ complies with the page limit set by court order dated October 6, 2026.

Dated: October 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. SAROSY
Supervising Deputy Attorney General

***/s/ Sabrina T. McGraw***
SABRINA T. MCGRAW
VIVIANA M. HANLEY
CHRISTINA MCCALL
EDWARD P. WOLFE
Deputy Attorneys General
*Attorneys for Defendants State of California and Robert Bonta, in his official capacity as head of the California Department of Justice*

## CERTIFICATE OF SERVICE

Case Name: **United States of America v. State of California, et al. (2a pattern and practice)** No. **8:26-cv-01697-MRA-ADSx**

I hereby certify that on October 7, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' BRIEFING RE RELEVANCE OF SUPPLEMENTAL DECLARATION OF SALVADOR GONZALEZ [ECF NO. 59-1] TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 7, 2026, at Fresno, California.

| A. Billings | ***/s/ A. Billings*** |
|---|---|
| Declarant | Signature |

SA2026303422
95749896