HARMEET K. DHILLON
Assistant Attorney General

Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: (202) 304-8447
barry.arrington@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA and ROBERT BONTA, in his official capacity as head of the California Department of Justice,<br><br>Defendants. | Case No. 8:2026-cv-1697-MRA-ADS<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO RELEVANCE OF SUPPLEMENTAL DECLARATION OF SALVADOR GONZALEZ**<br><br>Hearing: September 11, 2026<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Hon. Mónica Ramírez Almadani<br>United States District Judge |

R. JONAS GEISSLER
Deputy Assistant Attorney General

BARRY K. ARRINGTON (TX No. 24129555)
Acting Chief, Second Amendment Section

PATRICK TODD (TX No. 24106513)
TRISTAN SILVA II (DC No. 90037513)
Trial Attorneys
Second Amendment Section
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: (202) 304-8447

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
United States Attorney's Office
300 North Los Angeles Street, Suite 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
Julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Plaintiff United States of America submits this Brief in Opposition to Relevance of Supplemental Declaration of Salvador Gonzalez, ECF No. 59-1 ("Supplemental Declaration"), pursuant to the Court's October 6, 2026, order, ECF No. 60. As noted by Defendants ("State"), the California Department of Justice Bureau of Firearms recently approved the addition of the firearm "Glock 43X CA" to the Roster of Handguns Certified for Sale. *See* Supplemental Declaration at 2. Both the Unsafe Handgun Act and Assembly Bill 1127 work together to prohibit the retail sale of all Glock and Glock-style pistols except for this one single model. *See* Third Declaration of Earl Griffith, ECF No. 28-1 ("Griffith Dec.") ¶ 10.

## ARGUMENT

The stipulated fact—that Defendants added a Glock prototype that is not even currently for sale (i.e., the Glock 43X CA)[1] to their handgun roster—is irrelevant to this court's analysis of Plaintiff's motion for preliminary injunction. Glock handguns are the most popular handguns in America. Griffith Dec. ¶ 11. Defendants have never disputed this. Nevertheless, they argue that it is a sufficient answer to Plaintiff's claims to say that it is permissible to ban the commercial sale of the most popular handgun in America so long as Glock has developed a prototype of a model that may one day be available for sale. Defendants' argument is frivolous because it is directly contrary to the Supreme Court's holding in *Dist. of Columbia v. Heller*, 554 U.S. 570, 629 (2008). There, the Court held that it is "no answer" to say that it is permissible to ban a weapon in common use because the government has not banned other weapons. In other words, contrary to Defendants' argument, the constitutional inquiry focuses on weapons that are banned, and the fact that the government's ban is not total is simply irrelevant. Defendants'

---

[1] Special Agent Gonzalez stated that he "review[ed] a *prototype* of the Glock 43X CA, information currently available to the California Department of Justice" and Glock's own private representations. ECF 59-1 ¶ 6 (emphasis added).

argument is doubly frivolous because this Court previously rejected it in *Boland v. Bonta* where the Court held that the "fact that Californians may purchase other firearms" does not inoculate the State's ban from Second Amendment scrutiny. *Id.*, 662 F.Supp.3d at 1085-86; s*ee also Renna v. Bonta*, 667 F. Supp.3d 1048, 1062 n.8 (S.D. Cal. 2023) (Defendants' argument "runs headlong into *Heller's* admonition.")

Every single firearm banned on July 1 is still banned today. The State's addition of a single prototype that may eventually come to market does nothing to change that fact—and that is the only constitutionally relevant fact.

Defendants' advance a second frivolous argument when they assert that the Glock Ban does not "meaningfully constrain" the right to keep and bear arms. First, in *Wolford v. Lopez*, 609 U.S. 185 (2026), the Court abrogated the "meaningful constraint" standard. The Court held that the Second Amendment is implicated if a "law place[s] *any* restrictions on either the "keep[ing]" (i.e., possession) or the "bear[ing]" (i.e., carrying) of arms?" *Id*. at 195 (emphasis added). The Glock Ban certainly falls within the category of laws that place *any* restriction on the keeping and bearing of arms. The Court rejected efforts to "smuggle additional limits . . . into the plain-text stage of the inquiry." *Wolford*, 609 U.S. at 214 n. 1 (Barrett, J., concurring). This includes an ad hoc analysis regarding whether the constraint is "meaningful" (whatever that means). Here too, Defendants' argument is doubly frivolous because even if, *arguendo*, *Wolford* had not abrogated the "meaningful constraint" standard, it is absurd to suggest that a total ban on the commercial sale of the most popular handgun in America is not a meaningful constraint on Californians' Second Amendment rights.

Respectfully submitted this 13th day of October 2026.

/s/ Patrick Todd
Patrick Todd
Trial Attorney
Second Amendment Section

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States, certifies that this brief contains 630 words, which complies with the word limit of L.R. 11-6.1.

Further, this brief complies with the page limit set by court order dated October 13, 2026.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Patrick Todd*
PATRICK TODD
Trial Attorney
Second Amendment Section